UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X

IN RE HURRICANE SANDY NFIP CASES        14 MC 41
------------------------------------------------------X

THIS DOCUMENT APPLIES TO:

**ALL RELATED CASES**

**CERTAIN WYO COMPANY DEFENDANTS REQUEST FOR RESCISSION, CLARIFICATION OR LIMITATION OF THE NOVEMBER 14, 2014 OMINIBUS ORDER REQUIRING PRODUCTION OF DRAFT DOCUMENTS, REPORTS AND RELATED MATERIALS**

------------------------------------------------------X

Defendants, Allstate Insurance Company, American Bankers Insurance Company of Florida, Hartford Casualty Insurance Company of the Midwest, Lancer Indemnity Company, Liberty Mutual Fire Insurance Company, Metropolitan Property & Casualty Insurance Company, New Hampshire Insurance Company, New York Central Mutual Fire Insurance Company , Fidelity National Property and Casualty Insurance Company, Foremost Insurance Company of Grand Rapids Michigan, Foremost Insurance Company, Homesite Insurance Company, Philadelphia Indemnity Insurance Company, QBE Insurance Corporation, Selective Insurance Company of America, Stillwater Property and Casualty Insurance Company f/k/a Fidelity National Property and Casualty Insurance Company, Utica First Insurance Company and Wright National Flood Insurance Company, ("Defendants") by counsel, appearing in this litigation in their fiduciary capacity as the fiscal agent of the United States at the expense of the United States Treasury, hereby serve their objections and request for recedsion, clarification or limitation to the Memorandum and Order of the Court entered November 7, 2014, in the action pending in this Court styled: *Raimey v. Wright National Flood Insurance*

[1]

*Company*, Case No. 2:14cv00461-JFB-SIL and "spread" to the docket of this and every other Hurricane Sandy case on November 14, 2014 per the instructions of the Honorable Gary R. Brown, United States Magistrate Judge.

In support of their requests, Defendants assert that paragraph 3 on page 27 of the Conclusions of the aforesaid Memorandum and Order ("paragraph 3") improperly requires all defendants in all pending Hurricane Sandy cases to expend enormous time and effort and to incur large expenses to the United States Treasury to comply with the aforesaid Order which misinterprets Case Management Orders previously issued herein. Further, to the extent that the Order compels the Defendants to produce documents from third party entities and individuals, the Order exceeds the scope of Rule 26 and 34 of the Federal Rules of Civil Procedure.

In *Raimey*, an issue was presented with respect to a single engineering report based upon the unique circumstances of that case. In the Conclusions of its Memorandum and Order, the Court has required, without evidence in any other case, for all defendants in each Hurricane Sandy case, within 30 days from November 7, 2014 to

> Provide plaintiffs with copies of all reports described in CMO1 not previously produced—*plus any drafts, redlines, markups, reports, notes, measurements, photographs and written communications related thereto—*prepared, collected or taken by any engineer, adjuster or other agent or contractor affiliated with any defendant, relating to the properties and damage at issue in each and every case, *whether such documents are in the possession of defendant or any third party (*emphasis in original*).*

Defendants respectfully submit that the Court should rescind paragraph 3. At a minimum the Defendants request that the Court clarify or limit paragraph 3.

Such an Order requires the Defendants to obtain such documents from third parties who are not defendants in any of the relevant cases. In order to comply with the direction of the Court, counsel in each case is required to obtain every draft (some may be as insignificant as correcting typographical or punctuation errors) from every adjusting company, individual adjuster (who is likely an independent contractor), engineering company, engineer (who is likely an independent contractor), and any other "agent or contractor 'affiliated' with any defendant" (a category which is extremely vague). The defendants are ordered to request, review and provide such documents within 30 days.

In order to comply with the direction, counsel must contact each such person or entity and likely to interview each such person or entity (none of whom are parties to the pending cases) and attempt to persuade each such entity or person to voluntarily provide every bit of information or scrap of paper which might relate to the estimates or reports of each such person or individual. The process is extremely time consuming and serves as a major distraction to the success of the mediation process.

In support of this request, Defendants respectfully request that the Court take judicial notice of and Defendants adopt or incorporate as if set forth herein the arguments made and authorities cited by FEMA in its Motions and Memoranda of Law filed this day in Docket 14-MC-41.

While Defendants object to the requirements imposed by the Court in *Raimey* with respect to engineering reports and drafts which were prepared by a non-party engineering firm and which drafts were not provided to Wright and were not known by Wright until the day of the mediation session in the *Raimey* case, Defendants note that there is no evidence that adjusting companies, adjusters, other engineering companies,

engineers or other "agents or contractors" use a similar process or even if so, that the process is tainted in any way. It is further noted that there is absolutely no evidence that the subject engineering firms acted at the direction of the Defendants. Unless and until such showings and unless and until showings are made that the extremely broad category of documents is likely to contribute to the success of the mediation process,[1] it is unlikely that the documents will be productive in that effort. The Order is overly broad.

Independent adjusting companies and the WYO companies are compensated by a fee which is a statutory percentage of the amount of each claim paid under an SFIP to the policyholders. There is no incentive to underestimate claims. Any suggestion that the adjusters or WYO companies would purposely reduce the amount of SFIP damage payments to the policyholders is contrary to logic. See *Eddins v. Omega Insurance Company*, 825 F.Supp. 752, 754 (N.D. Miss. 1993).

At this stage, the Court has implemented a program of mutual information disclosure designed to foster the goal of early settlement of as many Hurricane Sandy cases as possible. Paragraph 3 of the Conclusions in the aforesaid Memorandum and Order is not likely to achieve the goal and it is quite likely that the requirement will frustrate the goal.

Paragraph 3 imposes requirements solely upon defendants. The disclosures contemplated in the various Case Management Orders are mutual. If one party to a case is provided information while the other party is precluded from review of corresponding information, the parties are not on an equal footing. The only way that the parties will ever be on an equal footing under such circumstances is for the normal discovery process to occur after mediations reach an impasse. This is not consistent with the goals of the

---

[1] Normal discovery has been prohibited by the Court in all Hurricane Sandy cases.

Committee of United States Magistrate Judges appointed by the Court to oversee the litigation and is not consistent with principles of due process.

The diverting of time and resources of the WYO defendants to ferret out and chase down (to the extent third parties agree to provide the same) largely irrelevant information serves only to divert such time and attention from the efforts to reach an early resolution in as many cases as possible.

Finally, for the reasons outlined above, the effort that will be required to accumulate, analyze and produce the information contemplated by paragraph 3 of the Memorandum and Order, even if limited, will require significantly more time than is contemplated by the Order. Defendants respectfully pray that the Court extend the time to comply with paragraph 3 of the Memorandum and Order until January 16, 2015.

DATED: November 21, 2014

Respectfully submitted,

**NIELSEN, CARTER & TREAS, L.L.C.**

*/s/ Gerald J. Nielsen*
Gerald J. Nielsen (17078)
3838 N. Causeway Blvd. Suite 2850
Metairie, Louisiana 70002
Tel. (504) 837-2500 Fax (504) 832-9165
Email: gjnielsen@nct-law.com
**NATIONAL COUNSEL FOR:
Allstate Insurance Company
American Bankers Insurance Company
of Florida
Hartford Casualty Insurance Company of
the Midwest
Lancer Indemnity Company
Liberty Mutual Fire Insurance Company
Metropolitan Property & Casualty
Insurance Company
New Hampshire Insurance Company**

**New York Central Mutual Fire Insurance Company**
**Fidelity National Property and Casualty Insurance Company**
**Foremost Insurance Company of Grand Rapids, Michigan**
**Foremost Insurance Company**
**Homesite Insurance Company**
**Philadelphia Indemnity Insurance Company**
**QBE Insurance Corporation**
**Selective Insurance Company of America**
**Stillwater Property and Casualty Insurance Company f/k/a Fidelity National Property and Casualty Insurance Company**
**Utica First Insurance Company**
**Wright National Flood Insurance Company**

AND

**BRENNER, EVANS & MILLMAN, P.C.**

 */s/ Theodore I. Brenner*
Theodore I. Brenner, VSB # 17815
411 East Franklin Street, Suite 200
P. O. Box 470
Richmond, VA 23218-0470
Telephone: (804) 644-1300
Facsimile: (804) 644-1354
Email: tbrenner@beylaw.com
**COUNSEL FOR DEFENDANT, FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY NOW KNOWN AS WRIGHT NATIONAL FLOOD INSURANCE COMPANY**

AND

**FOWLER WHITE BURNETT, P.A.**

 /s/ J. Michael Pennekamp
J. Michael Pennekamp (JP-4039)
Fla. Bar No. 983454
(Admitted *Pro Hac Vice*)
Espirito SantoPlaza,Fourteenth Floor
1395 Brickell Avenue
Miami, FL  33131
Telephone: (305) 789-9200
Facsimile: (305) 789-9201
Email: jmp@fowler-white.com
**COUNSEL FOR DEFENDANT,
ALLSTATE INSURANCE COMPANY**

AND

BUTLER SNOW, LLP

*/s/Michael B. Beers*
Michael B. Beers
ASB-4992-S80M
(Admitted *Pro Hac Vice*)
250 Commerce Street
Suite 203
Montgomery, Alabama 36104
Tel. (334) 832-2900
(fax) (334) 832-2901
Email: Mike.Beers@Butlersnow.com
**COUNSEL FOR DEFENDANTS,
ALLSTATE INSURANCE COMPANY
AND HARTFORD INSURANCE
COMPANY OF THE MIDWEST**